Dear Sen. Hainkel:
You requested the opinion of this office concerning whether the Senate can participate in an insurance program for its members and employees (active and retired) that is currently in force by LSU for its active and retired employees.
You advised that on April 7, 2002, the Office of Group Benefits (AOGB )entered into a Memorandum of Understanding (AMOU ) with LSU. The MOUrecites that an RFP was issued seeking proposals for a consumer-drivenhealth care program as a pilot project Apursuant to the provisions ofR.S. 42:851(A)(1)(b) . The program is Ain addition to the health benefitplans offered by OGB and LSU is responsible for the implementation andadministration of the program . Pursuant to the RFP, the health planproposed by Definity Health Corporation (ADefinity ) was selected and aConsulting Services Contract was entered into between LSU and Definity(the ADefinity Pilot Plan ).
 Under the proposed arrangement, LSU and OGB would execute an Amendmentto the MOU (the AAmendment ) to provide that active and retired employeesof the Senate would be eligible to enroll in the Definity Pilot Plansubject to the same benefits, plan options and the payment of the samepremium as similarly situated LSU employees. LSU and the Senate wouldexecute a Participation and Indemnity Agreement (the AAgreement) which would permit Senate employees to participate in the Definity Pilot Plan. The Agreement contains indemnity provisions to minimize any increased liability on the part of LSU. The Agreement explains that LSU operates a series of campuses throughout the State and each campus has an established budget. Through a system of internal financial controls, each campus is financially responsible for its respective employees electing the Definity Pilot Plan. Under the Agreement, for internal financial purposes, the Senate would be treated by LSU as another campus, financially responsible for Senate Enrollees.
Your question is whether the provisions of R.S. 42:851 or any other law permit this arrangement? Or, if not, does any law prohibit the proposed arrangement?
R.S. 42:851(A) provides in pertinent part as follows:
 A. (1)(a) The state of Louisiana, through the Office of Group Benefits and each of its governmental and administrative subdivisions, departments, or agencies of the executive, legislative, or judicial branches, and the governing boards and authorities of each state university, college, or public elementary and secondary school system in this state are authorized to:
 (i) Procure private contracts of insurance covering their respective employees, officials, and department heads, or any class or classes thereof, and the dependents of such employees, officials, or department heads under a policy or policies of group health, accident, accidental death and dismemberment, and hospital, surgical, or medical expense benefits.
 (ii) Adopt, administer, or operate or contract for all or a portion of the administration, operation, or both of a self-funded program for that purpose.
 (b) Each such private contract or self-funded program, the premiums of which are paid in whole or in part with state funds, shall be approved by the Office of Group Benefits . . . The employee or retiree eligibility provided in such private contract or self-funded program must be identical to the eligibility provided in the Office of Group Benefits programs. (Emphasis added)
This statute allows each agency of the executive, legislative or judicial branches and the governing boards of the universities and colleges, with the approval of OGB, to procure private contracts of insurance or to operate a self-funded program covering their respective employees, officials and department heads. Under this authorization, both LSU and the Senate could procure their own private contracts of insurance or operate a self-funded plan, if the contract or self-funded program is approved by OGB. What is contemplated in the proposed transaction, is that in lieu of each entity operating their own plan, LSU and the Senate will participate in the same program. Provided that the approval of OGB is obtained, it is the opinion of this office that two or more of the entities authorized by the legislature to procure private contracts of insurance or to adopt, administer, operate or contract for the administration, operation or both of a self-funded insurance program may participate with each other to procure such private contracts of insurance or to adopt, administer, operate or contract for the administration, operation or both of such a self-funded insurance program.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: MAY 8, 2003
 MARTHA S. HESS, ASSISTANT ATTORNEY GENERAL